JOHN LIBBEY, APPELLANT, *v.* EMMA J. MASON, RESPONDENT.

*Letters of administration — when they may be granted without issuing a citation to non-residents — Code of Civil Procedure, sec. 2662.*

Lydia C. Libbey, a resident of the city of Brooklyn, died there intestate, leaving a daughter, Emma, who then resided in that city, and a husband, who resided in the State of Maine. The daughter presented a petition to the surrogate praying that letters of administration upon her mother's estate might be issued

to her. A few days thereafter the husband presented a similar petition asking that letters be issued to him. The surrogate granted letters to the daughter.

*Held*, that as it appeared that the husband was a non-resident the surrogate was authorized, by section 2662 of the Code of Civil Procedure, to grant the letters to the daughter on the presentation of her petition, without issuing any citation to the husband.

That he could exercise this power as well after as before the filing of the petition of the husband.

That the non-residence of the husband was decisively established by the fact that he voted regularly in the State of Maine, where he owned a small place and was accustomed to pass most of his time.

APPEAL from an order of the surrogate of Kings county refusing to grant letters of administration to the plaintiff, the husband of the intestate, and granting them to the defendant, her married daughter.

For a statement of the facts see the opinion of DYKMAN, J.

*Chauncey B. Ripley* and *A. B. Tappan*, for the appellant.

*Nathaniel B. Cooke*, for the respondent.

BARNARD, P. J.:

The conclusion of the surrogate, that the petitioner Libbey is a resident of the State of Maine, is well supported by the evidence. The proof shows that he owns a small place in Orono, Penobscot county, in that State. That he has been accustomed to pass most of the time there, and above all, that he has voted regularly in that State. This is a decisive proof of residence under the laws of Maine, as well as under our laws. The evidence also shows that the petitioner Mason resides in Brooklyn, N. Y. — a temporary change of domicile, for the purpose of educating her children. (*Dupuy* v. *Wurtz*, 53 N. Y., 556.)

The whole question, then, is whether the granting of the letter to Mrs. Emma Mason was proper.

The petitioner Libbey was the husband of Lydia C. Libbey, the deceased, intestate. The petitioner, Mrs. Mason, was the daughter (only daughter) of the intestate. The husband, by the Revised Statutes, had the better right. (3 R. S. [7th ed.], 2290, § 27.)

By the Code of Civil Procedure, however, it is provided that non-residents of equal or better right than a petitioner, to administration upon the estate of a deceased person, need not be cited, and that

when it is not necessary to cite a person, letters may be granted to a petitioner. (Sec. 2662.)

The petition of Mrs. Mason was presented to the surrogate, and no citation was issued to the husband. Letters to her were, therefore, properly granted under this section, if the husband was a resident of the State of Maine, about which fact there is no doubt. His petition, even if made before the actual granting of letters to Mrs. Mason, had no relevancy beyond the fact that he declared himself therein, to be a resident of Kings County, N. Y. If that was true, then a citation should have been issued to him; but it was not the fact, and the petition failed.

The surrogate's decree was, therefore, right, and should be affirmed, with costs.

PRATT, J., concurred

DYKMAN, J.:

Lydia C. Libbey resided in Brooklyn and died there intestate, leaving Emma J. Mason, her only child, who resided in Brooklyn at the time of her mother's death, and now resides in the city of New York, and John Libbey, her husband, who resides in the State of Maine.

Emma J. Mason presented a petition to the surrogate of Kings county praying for the issuance of letters of administration upon her mother's estate to her. A few days subsequently John Libbey, the husband, also presented a similar petition to the surrogate, who thereupon decided that letters should issue to the daughter. From that decree the husband has appealed.

Section 2662 of the Code of Civil Procedure is this: " Every person being a resident of the State who has a right to administration, prior or equal to that of the petitioner, and who has not renounced, must be cited upon a petition for letters of administration. The surrogate may, in his discretion, issue a citation to non-residents, or those who have renounced, or to any or all other persons interested in the estate whom he thinks proper to cite. Where it is not necessary to cite any person, a decree granting to the petitioner letters, may be made upon presentation of the petition."

Under the law it was not incumbent upon the surrogate to issue a citation to the husband, and it was entirely within his competence

and discretion to issue letters to the daughter immediately upon the presentation of her petition. The failure to issue letters to the daughter previous to the presentation of the petition of the husband did not divest the surrogate of his discretion, and he could exercise the same thereafter as well as theretofore.

We do not find that the discretion of the surrogate was improperly exercised, and the decree should be affirmed, with costs to be paid by the appellant personally.

Order affirmed, with costs.